The Honorable Phillip T. Jacobs State Representative 819 N. Miller Street Clarksville, AR 72830-2239
Dear Representative Jacobs:
You have presented the following question for my opinion:
 Can a mayor vote to break a tie vote of the city council on the appointment of a light and water commissioner if the city ordinance creating the commission gives the city council the power to appoint members?
You indicate that your question arises out of a situation in which the City of Clarksville enacted an ordinance creating a light and water commission, and granting the city council the authority to make appointments to the commission. At a recent meeting of the city council, the mayor recommended an appointment to fill an expired term on the commission. A council member moved to appoint the person recommended by the mayor, and the city council voted on the motion. The vote was tied, and the mayor voted to break the tie, thus resulting in his recommendation being approved. It has been argued that the mayor should not have been permitted to vote in this situation, since the ordinance explicitly granted the power of appointment to the city council.
RESPONSE
It is my opinion that the mayor can vote to break such a tie vote.
This issue for first class cities is governed, in my opinion, by the provisions of A.C.A. § 14-43-501(b), which is applicable to first class cities, and which states:
 (b)(1)(A) The mayor shall be ex officio president of the council and shall preside at its meetings.
 (B) The mayor shall have a vote to establish a quorum of the council at any regular meeting of the council and when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion.
A.C.A. § 14-43-501(b), as amended by Acts 2001, No. 354.
As previously noted, the view has been expressed that because the ordinance in question explicitly gave the city council the authority to make appointments to the light and water commission, it would constitute a violation of that grant of authority if the mayor were allowed to cast a tie breaking vote on such an appointment. The decision in Thompson v.Younts, 282 Ark. 524, 669 S.W.2d 471 (1984) has been propounded as support for this view. It is my opinion that this view is inconsistent with the law.
In my opinion, the decision in Thompson v. Younts is inapposite to the situation you have described. There, the court was addressing the question of whether the mayor could vote to break a tie vote of the city council on an ordinance that was intended to repeal an earlier ordinance that had been initiated by the people. The issue was governed by the language of Amendment 7, which states:
 No measure approved by a vote of the people shall be amended or repealed by the General Assembly or by any City Council, except upon a yea and nay vote on roll call of two-thirds of all the members elected to each house of the General Assembly, or of the City Council, as the case may be.
Ark. Const., Am. 7 (emphasis added).
It was argued in Younts that under A.C.A. § 14-43-501, the mayor had the power to break the tie. But the court rejected this argument, holding that because Amendment 7 required a two-thirds vote of all the members "elected" to the city council, the provisions of A.C.A. § 14-43-501 did not apply, because the mayor was not "elected" to the city council, but rather was only an "ex officio" member.
The situation that you have described is not analogous to the situation in Younts. The decision in that case turned entirely upon the special language of Amendment 7, which required that the voting members be "elected to" the city council. You have not indicated whether the ordinance that created the light and water commission required a vote of the members "elected to" the city council in order to make appointments to the commission. It is my opinion that regardless of whether the ordinance includes such "elected to" language, it cannot be legally interpreted to impose such a requirement, because a requirement of this nature would be contrary to state law. More specifically, such a requirement would conflict with the authority granted to mayors under A.C.A. § 14-43-501. Cities cannot enact provisions that are contrary to state law. See A.C.A. §§ 14-43-601, -602; 14-42-307; 14-54-101;14-55-101; 14-42-502; 14-43-601(a)(1)(F) and (a)(2).
Although a limitation of this nature (requiring a vote of members "elected to" the council) can be imposed by other state law, as it was inYounts, it cannot be imposed by a city ordinance. I am aware of no state law that would override the mayor's authority in the situation you have described.
For this reason, I conclude that the mayor can vote to break a tie vote of the city council concerning an appointment to the light and water commission.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General